IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-02662-CNS

B.E.,

    Plaintiff,

v.

COMMISSIONER, Social Security Administration,

    Defendant.

---

## ORDER

---

Plaintiff B.E.[1] seeks disability insurance benefits under Title II of the Social Security Act for a combination of impairments related to bladder cancer and chemotherapy-induced neuropathy (ECF No. 1 at 1 ¶ 4). B.E. filed this lawsuit for judicial review of the final decision by the Social Security Administration Commissioner (the "Commissioner") denying his benefits claim. Exercising jurisdiction under 42 U.S.C. § 405(g), the Court AFFIRMS in part and REVERSES in part the Commissioner's denial of benefits, and REMANDS for further analysis.

### I. BACKGROUND

B.E. was born in 1954 (Administrative Record ("AR" at 737). Prior to the alleged onset of his disability, he worked various construction jobs at several companies (*See* AR at 242). From 2003 through 2008, B.E. worked at Holladay Brothers Construction ("Holladay") (*See* AR at 51,

---

[1] Pursuant to D.C.COLO.L.APR 5.2(b), Plaintiff B.E. is identified by his initials only.

62). After working at Holladay during this period, B.E. worked at Mueller General Contracting, Career Building Academy, and Merritt General Contractors (*See* AR at 47-52).

In April 2018, B.E. was diagnosed with bladder cancer (*See, e.g.*, AR at 737). A tumor in his bladder was removed in May 2018 (AR at 301). He later underwent a second removal procedure, began chemotherapy treatments, and completed chemotherapy for his bladder cancer in December 2018 (AR at 337, 945). As of December 2019, there was no evidence of recurrent bladder cancer, but B.E. complained of frequent urination (AR at 767, 901).

In October 2018, B.E. was seen by Victor Neufeld, Ph.D., who interviewed him to assist with his disability determination (AR at 1109). Dr. Neufeld determined B.E. had the ability to think abstractly and had an absence of significant memory impairment, but also had some limitations in working memory abilities (AR at 1110). Dr. Neufeld concluded that B.E. may have mild difficulties with recalling complex instructions due to "mild attentional difficulties," and that B.E. was not impaired as to his social interactions, adaptability, or his ability to manage his daily activities (AR at 1111).

In April 2019, B.E. complained of pain in his hands and feet, weakness in his hands, and swelling in his feet (AR at 379). He further reported having a hard time gripping things and having balancing issues, which he stated began five months prior (AR at 379). In May 2019, B.E. was diagnosed with peripheral neuropathy and carpal tunnel syndrome (AR at 358). B.E.'s case and symptoms were subsequently evaluated by several medical professionals (*See, e.g.*, AR at 82, 108).

B.E. applied for disability insurance benefits in August 2019 (*See, e.g.*, AR at 12). He alleged disability onset beginning April 2018 (*See, e.g.*, *id.*). He was initially denied benefits in February 2020 (AR at 12, 113). He requested reconsideration of his application; the Social Security

Administration denied reconsideration of B.E.'s claim in June 2020 (AR at 123). B.E. then requested a hearing before an Administrative Law Judge ("ALJ"), and the ALJ held a hearing regarding B.E.'s claim in March 2021 (AR at 12, 135-36). The ALJ issued a written order denying B.E.'s application, concluding B.E. was not "under a disability" as defined in the Social Security Act during the relevant period (AR at 22). B.E. requested review of the ALJ's decision, which the Social Security Appeals Council denied in August 2021 (*See* AR 1-5). B.E. timely sought review in this Court (ECF No. 1).

## II. LEGAL STANDARD AND STANDARD OF REVIEW

An individual is disabled under the Social Security Act if they are unable to do "any substantial gainful activity" due to any medically determinable physical and/or mental impairment that can be expected "to last for a continuous period of not less than 12 months." *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009) (quoting 20 C.F.R. § 416.905(a)). An individual bears the initial burden of establishing they are disabled. *Id.* at 1062. To determine whether an individual is disabled, courts use a five-step, sequential analysis that considers whether the individual:

    (1) is currently engaged in "substantial gainful activity";

    (2) has a "severe" impairment or impairments;

    (3) the impairment or impairments equals one of the impairments listed in the appendix of the relevant disability regulation;

    (4) the impairment or impairments prevent the individual from doing their past work; and

    (5) has the "residual functional capacity" ("RFC") to perform other work in the national economy

*Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004) (citing 20 C.F.R. § 404.1520(a)(4)). Determination that an individual is or is not disabled at any step is conclusive. *See Casias v. Sec'y*

*of Health & Hum. Servs.*, 933 F.2d 799, 801 (10th Cir. 1991). If the individual is not considered disabled at step three, but has satisfied their burden at steps one, two, and four, the burden shifts to the Commissioner to show the individual has the RFC to perform other work in the national economy. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).

The Court reviews the Social Security Commissioner's decision to determine whether the factual findings are supported by substantial evidence and the correct legal standards were applied. *See, e.g.*, *Pisciotta v. Astrue*, 500 F.3d 1074, 1075 (10th Cir. 2007). "Substantial evidence" is evidence that is sufficient, based on the entire record, to support the ALJ's factual determinations. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2022). The threshold for this "evidentiary sufficiency is not high," and requires only enough evidence that a reasonable person might accept as adequate to support the ALJ's decision. *Id.* Nonetheless, a decision is not based on substantial evidence if it is "overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (quotation omitted). Under the substantial evidence standard, the Court cannot reweigh evidence or "retry the case." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

### III. ANALYSIS

Having reviewed the administrative record, the parties' briefs,[2] and relevant legal authority, the Court affirms in part and reverses in part the Commissioner's denial of benefits. B.E. seeks reversal or remand of the Commissioner's decision on two grounds, which the Court considers in turn.

---

[2] B.E. did not file a reply brief in this action (*See* ECF No. 14).

A. **Performance of Past Work**

B.E. argues that the ALJ erred by misclassifying his past work at the light exertional level, even though the vocational expert testified his composite job was classified at the medium exertional level as performed (ECF No. 10 at 8-9). The Commissioner contends that the record, considered as a whole, supports the ALJ's light exertional work limitation (ECF No. 13 at 9). The Court agrees with B.E.

An individual is not disabled if they have an RFC that permits them to perform past work. *See, e.g.*, *Fischer-Ross*, 431 F.3d at 731; *see also* 20 C.F.R. § 404.1520(e), (f). The ALJ found that B.E. had the RFC to perform a range of light work (AR at 16-21). The ALJ then found that B.E. was capable of performing his past work as a composite job of "project supervisor and an estimator" because the job did not require the performance of work-related activities that "exceed[ed]" B.E.'s RFC (AR at 21-22).

The Court respectfully disagrees with the ALJ's finding regarding B.E.'s ability to perform his past work. The ALJ based his finding on a comparison between the demands of the composite job as "*actually performed* by [B.E.]" to B.E.'s RFC (AR at 22 (emphasis added)). The ALJ further reasoned that the vocational expert testified that an individual with B.E.'s RFC could perform the composite job "as actually performed" by B.E. (AR at 22). As B.E. correctly argues, the vocational expert testified that the composite job was performed at a *medium* exertional level at Holladay (AR at 65 (emphasis added)). Although the project manager and estimator jobs were coded under the Dictionary of Occupational Titles ("DOT") at the "light" and "sedentary" levels (AR at 63), the vocational expert later testified that—while "he was at [] Holladay from 2003 to 2008"—B.E "was

working at a medium level" (AR at 65). The vocational expert further testified that B.E.'s job at Holladay would be classified "as per DOT and as performed" (AR at 65).

The Commissioner urges affirmance on the grounds that the vocational expert later testified—in response to a hypothetical the ALJ posed regarding light exertional work—that B.E.'s job at Holladay from 2004 through 2008 would meet a "light hypothetical" (ECF No. 13 at 9). This, according to the Commissioner, aligns with B.E.'s own reporting that the requirements of his Holladay job were "consistent" with light work (*Id.*). However, the ALJ did not consider this evidence in the record. The ALJ found that B.E. could perform his past work based solely on how it had been actually performed in the past, and referenced only the vocational expert's testimony in making this finding (AR at 22). The vocational expert testified B.E. had actually performed his composite job at Holladay at the medium exertional level (AR at 65). Although the Court reviews the Commissioner's decision for substantial evidence, *see, e.g., Pisciotta*, 500 F.3d at 1075, even under this deferential standard the ALJ's findings must be consistent with the record. *See, e.g.*, *Biestek*, 139 S. Ct. at 1154. The evidence showing B.E. performed his past work at the medium exertional level does not support the ALJ's finding that B.E.'s "light" RFC allowed him to perform past work.

The Court finds that substantial evidence does not support the finding that B.E. was able to perform his past work. For this reason, remand is appropriate.[3] Further proceedings would

---

[3] The Court notes B.E.'s own reporting regarding the exertional requirements of his work at Holladay appears at odds with the vocational expert's testimony (*See* AR at 248; *but see* AR at 65). The Court is mindful that it cannot reweigh evidence in reviewing the ALJ's findings. *See Flaherty*, 515 F.3d at 1070. However, in arriving at her finding, the ALJ *only* discussed the vocational expert's testimony (AR at 22). This further demonstrates the benefits of remand for further proceedings to determine whether B.E. can perform his past work. *See Clifton v. Chater,* 79 F.3d 1007, 1009–10 (10th Cir. 1996) (noting the record must demonstrate that the ALJ "considered all of the evidence," even though the ALJ is not required to discuss "every piece of evidence" (citation omitted)).

resolve whether, considering the entire record and B.E.'s RFC for light work, B.E. is able to perform his past work. On remand, the ALJ must explain whether B.E. previously performed his work at the light or medium level. Then, based on this explanation, the ALJ must explain whether B.E. is able to perform his past work, given that he has an RFC for light work.

### B. Dr. Neufeld's Testimony

B.E. argues the ALJ erred by not incorporating all of Dr. Neufeld's opinions regarding his limitations into the RFC assessment (ECF No. 10 at 9). The Commissioner contends that Dr. Neufeld's opinions regarding B.E.'s mild attentional difficulties do not require the inclusion of mental restrictions in the ALJ's RFC determination (ECF No. 13 at 6). The Court agrees with the Commissioner.

The Court reviews the ALJ's findings for substantial evidence. *See, e.g.*, *Pisciotta*, 500 F.3d at 1075. In determining B.E. had an RFC of "light work" (AR at 16), the ALJ stated she found the opinions of Dr. Neufeld persuasive (AR at 20). As B.E. correctly observes, during his examination Dr. Neufeld concluded that B.E. had mild difficulties recalling complex instructions (AR at 1111). The ALJ acknowledged this conclusion in her assessment, as well as Dr. Neufeld's finding that B.E. had mild problems with arithmetic (AR at 20). However, Dr. Neufeld also found that B.E. could manage his finances, was not impaired as to social interactions, and could manage his medical care, daily activities, and transportation (AR at 1111). The ALJ further found that other evidence in the record showed that any mental impairments were not severe (AR at 20). Although the ALJ acknowledged Dr. Neufeld's finding that B.E. had some memory problems, the Court agrees with the Commissioner that substantial evidence—including other findings from Dr. Neufeld's report—supports the ALJ's finding that B.E. had no mental limitations in his RFC (ECF

No. 13 at 7-9). *See also Casias*, 9933 F.2d at 800-801 (concluding courts do not "reweigh the evidence" and only determine whether substantial evidence supports agency decision).

## IV. CONCLUSION

For the reasons set forth above, the Court AFFIRMS in part and REVERSES in part the Commissioner's decision denying B.E. disability insurance benefits, and REMANDS for further proceedings consistent with this order.

DATED this 20th day of October 2022.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge